INSULAR FEED CORPORATION, Plaintiff and Appellee, *v.*
MIGUEL DÍAZ ACEVEDO, Defendant and Appellant.

No. O-69-241.        Decided June 10, 1970.

*Ramón Ferrer Delgado* for appellant. *Joseph W. Kiefer* for appellee.

PER CURIAM: Appellant assigns that the trial court erred in dismissing his appeal to the Superior Court from the summary judgment rendered against him by the District Court because he was not notified by certified mail.

■ The notice of the judgment in this case was entered in the record of the case on June 24, 1969. The appeal was notified by regular mail on July 8, 1969. Appellee informed the Superior Court that it received said notice of appeal on or about July 10 or 11, 1969. It is clear, then, that the notice of appeal was served within the terms of 30 days and 5 days prescribed by Rules Nos. 53.1 and 53.2 of the Rules of Civil Procedure. Therefore, the dismissal of the appeal did not lie, although the notice had not been served by certified mail.

This case was commenced by appellee's complaint against appellant to collect $621.81. It was filed in the District Court, San Juan Part. Its transfer to the Camuy Part of said court was ordered. Summary judgment against appellant was rendered on June 24, 1969, in view of the fact that it appeared in a letter dated December 14, 1968, that appellant had admitted owing said amount to appellee. On that same date a copy of the notice of the judgment was entered in the record. Feeling aggrieved, appellant took appeal from said judgment to the Superior Court, Arecibo Part, on July 8, 1969, and on that date served the notice of appeal to appellee by regular mail. The dismissal of the appeal was requested because notice was not served by certified mail. Appellee having been requested by appellant to inform whether it had

received notice of the appeal and, if it had, when did it receive the same, appellee informed the trial court that it had received it on or about July 10 or 11, 1969, by regular mail "and not in compliance with Rule 53.2 which was specifically amended to require service of notice by certified mail, return receipt requested."

■ Rule No. 4 of the Rules for Appeals to the Superior Court (4 L.P.R.A. App. III R. 4) provides in part that "If the petition for appeal has not been docketed within the term and together with the notice as provided by Rules 53.1(a) and 53.2 of the Rules of Civil Procedure, the appeal will be dismissed by the proper Superior Court judge."[1]

Rule 53.1 of the Rules of Civil Procedure provides that the term to appeal is within 30 days after the entry of a copy of the notice of the judgment. Pursuant to Rule 53.2 appellant should notify the filing of the notice of appeal to all the adverse parties or to their counsel of record, within said term. Said Rule 53.2 provides also that "When the notification is made by mail it shall be done by certified mail with acknowledgment of receipt not later than five (5) days after the notice of appeal is filed." *Figueroa* v. *Superior Court*, 85 P.R.R. 77, 82 (1962).

In *Despiáu* v. *Pérez*, 76 P.R.R. 117, 118 (1954), we held that when the statute requires that the service of notice should be made personally, the defect of sending it by mail is cured when the notice is received by the person for whom it is intended within the term which the aggrieved party has to appeal:

In the case we are considering, it was decided to notify appellee by mail of the appeal taken to the Superior Court from the summary judgment of the District Court. The requirement of making it by certified mail was not complied

---

[1] Rule No. 5 of the Rules for Appeals to the Superior Court which established a term to appeal of 10 days was repealed by Order of the Supreme Court of July 29, 1958, effective on July 31, 1958.

with. But it was actually received by appellee some 13 days before the term of 30 days prescribed by Rule 53.1 to perfect the appeal had expired, that is to say, it received it on July 11, 1969, at the latest, that is, within the 5 days after the notice of appeal had been filed, pursuant to the provision of Rule 53.2.

■ We conclude that under the foregoing circumstances the noncompliance with the requirement of certified mail constituted a defect in the manner in which the notice was addressed, which was cured as we said in *Despiáu, supra,* when it was verified by the admission by appellee itself that it had actually received the notice within the aforementioned two terms.

■ There are two essential requirements of jurisdictional nature in perfecting an appeal in cases like this one, as well as in the appeals and petitions for review addressed to the Supreme Court. One is to perfect the appeal by filing the notice of appeal with the clerk of the court of the corresponding part within the term of 30 days after the entry of a copy of the notice of judgment. The other is to serve the notice of appeal on the other party within said term. The service of said notice can be made personally or by certified mail. The manner of servicing such notice is not of a jurisdictional nature. It rather constitutes the verification of the essential jurisdictional requirement that the appeal was notified within the term or terms prescribed by the Rules. Hence when it is decided to serve notice by mail, what is proper is to do it by certified mail, return receipt requested, as prescribed by Rule 53.2 since this verification of the service of notice of the appeal is definite and uncontrovertible. Now then, it is obvious that it is unnecessary to verify the fact of a timely service of notice of appeal when the person who should be notified admits in writing to the court that he received the notice within the term prescribed by law.

It having been unquestionably verified by the admission of appellee in the case at bar that the latter received the notice within the prescribed term, the defect of having been served by regular mail instead of by certified mail was cured, and it is not a circumstance which deprives the Superior Court of jurisdiction or which in any other manner warrants the dismissal of the appeal.

Therefore, the judgment rendered in this case by the Superior Court, Arecibo Part, on October 15, 1969, will be reversed, and the case remanded for further proceedings in the trial court.

The Chief Justice did not participate herein.

